**ORIGINAL**

# In the United States Court of Federal Claims

No. 13-870C

(Filed: November 14, 2013)

**FILED**

NOV 1 4 2013

U.S. COURT OF FEDERAL CLAIMS

)
DARRYL L. COOK,                )
                               )
          Plaintiff,           )
                               )
v.                             )
                               )
THE UNITED STATES,             )
                               )
          Defendant.           )
                               )

## OPINION AND ORDER

Plaintiff, an inmate in the custody of the Federal Bureau of Prisons in South Carolina, filed a complaint in this court on November 1, 2013, alleging personal injury and property damage pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 (2006).[1]  See generally Compl., Dkt. No. 1.  Plaintiff states that he was transferred from one prison camp to another without proper transmission of his personal property, which was ultimately destroyed. Id. ¶ 6.  Plaintiff contends this was due to defendant's negligence. Id.  He also claims that the camp to which he was transferred had contaminated water, which was particularly harmful to him due to the weakened state of his immune system after his treatment for cancer. Id.  Plaintiff alleges that defendant knowingly subjected him to this hazard. Id.  He claims pain and distress in the amount of $12 million, property damage totaling $10 million, loss of consortium, and such other relief the court deems necessary. Id. ¶¶ 10-12.  The court dismisses plaintiff's complaint, sua sponte, for the reasons explained below.

I.     Legal Standards

Complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

---

[1] Plaintiff also filed a motion to proceed in forma pauperis. See generally Appl. to Proceed In Forma Pauperis, Dkt. No. 2.  For the limited purpose of addressing the court's jurisdiction, that motion is **GRANTED**.  The Clerk will file the complaint with no filing fee.

Nevertheless, pro se plaintiffs must meet jurisdictional requirements. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 Fed. App'x 860 (2004).

The court may question its own subject-matter jurisdiction at any time. RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)). The Tucker Act provides for the court's jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

The United States District Courts have exclusive jurisdiction over claims brought under the Federal Tort Claims Act. See 28 U.S.C. § 1346(b)(1). When this court determines that it lacks jurisdiction, it must transfer the case to a court where the action could have been brought if the transfer "is in the interest of justice." 28 U.S.C. § 1631.

II. Discussion

Plaintiff states that his claim arises under the Federal Tort Claims Act. Compl. ¶ 1. As expressly excepted from the conferred jurisdiction under the Tucker Act, this court does not have jurisdiction to entertain claims that sound in tort. 28 U.S.C. § 1491(a)(1). Because plaintiff's complaint is based on a claim of tortious conduct, it must be dismissed for lack of subject-matter jurisdiction. See RCFC 12(h)(3).

The court next considers whether the claim merits a transfer. Plaintiff reports in his complaint that he has already filed a claim in the United States District Court of South Carolina, the appropriate venue for his Federal Tort Claims Act case. See Cook v. United States, No. 0:11-cv-00320-RMG (D.S.C. Feb. 8, 2011; Feb. 6, 2012; Nov. 1, 2012).[2] His complaint was dismissed by the district court, and that decision was affirmed by the Court of Appeals for the Fourth Circuit. Cook v. United States, No. 12-7947, 2013 WL 3069875, at *1 (4th Cir. June 20, 2013). The district court's earlier ruling on plaintiff's claim counsels against the transfer of plaintiff's claim to the district court now. On the facts of this case, such effort would be futile.

---

[2] A review of the complaint filed in the district court indicates that plaintiff's claim in that court contains the same allegations as the claim presented to this court.

III.   Conclusion

For the foregoing reasons, the court finds that it lacks jurisdiction over plaintiff's claims. Plaintiff's complaint is **DISMISSED**. The Clerk of Court will enter judgment for defendant. No costs.

IT IS SO ORDERED.

_____
PATRICIA E. CAMPBELL-SMITH
Judge